constitutional violation or that there was a sufficient causal connection between Spence's alleged wrongful conduct and the alleged constitutional violation. <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir. 1987). Her official-capacity claim against Spence is really a claim against the County of Willacy and was therefore properly dismissed as duplicative. <u>See</u> <u>Bennett v. Pippin</u>, 74 F.3d 578, 584 (5th Cir. 1996); <u>Sims v. Jefferson Downs Racing Ass'n</u>, 778 F.2d 1068, 1081 (5th Cir. 1985). She also failed to create an issue of material fact that would impose liability upon the County of Willacy. <u>See</u> <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 694-95 (1978); <u>Bennett v. City of Slidell</u>, 728 F.2d 762, 767-69 (5th Cir. 1984)(en banc).

Accordingly, the district court's judgment is AFFIRMED.